DAVIS, Senior Circuit Judge,
dissenting:
Respectfully, I dissent. I would reverse the denial of the motion to suppress.
Appellant Donald Hill was not a motorist. He was a passenger in a vehicle the *385 operation of which violated the rules of the road because: (1) the operator’s driver’s license had been suspended and (2) the operator appeared to exceed slightly the posted speed limit and was observed to cross the double yellow line dividing the travel lanes of the roadway. Hill had nothing whatsoever to do with these violations. As a passenger in the vehicle who had not committed any violation of Virginia law, Hill had no obligation to identify himself to Officer Taylor (who apparently recognized him in any event) and failed (or declined, as was his right) to identify himself to the officer upon request. Thus, the proper timeline for the sole “mission” of the traffic stop in this case was to identify Jeremy Taylor (the driver) and issue whatever warnings or violation notices that Officer Taylor, in his discretion, chose to issue.
What, then, could possibly justify Hill’s prolonged detention? The clear answer to this question is well known to all of us. This was no mere traffic stop. Rather, it was a narcotics and firearms investigation, undertaken in the absence of reasonable suspicion (to say nothing of probable cause) that a narcotics or firearms violation was taking place. Violent drug dealers have the sympathy of none of us; we rightly applaud, respect, and deeply appreciate the brave law enforcement officers who put their lives on the line every day to keep us safe from such violence. But the ill-fated “War on Drugs” has a sometimes overlooked and unmentioned casualty: the Fourth Amendment. Here, the district court’s flawed findings easily satisfy the “clearly erroneous” standard because every minute Officer Taylor spent seeking to confirm Hill’s identity unreasonably prolonged the traffic stop. Rodriguez v. United States, — U.S. —, 135 S.Ct. 1609, 191 L.Ed.2d 492 (2015).